IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

J & J SPORTS PRODUCTIONS, INC.                                                                    PLAINTIFF

v.                                                  CASE NO. 4:14-cv-04115

JESUS MONTES and
LA FOGATA OF HAYNESVILLE, LLC                                                              DEFENDANTS

**ORDER**

      Before the Court is Plaintiff J & J Sports Production's ("J&J") Motion to Strike Defendant's Answer to the Amended Complaint. (ECF No. 29). Defendants filed an untimely response. (ECF No. 31). J&J has filed a reply to this response. (ECF No. 35). The Court finds this matter is ripe for consideration.

      Defendants were served with J&J's Amended Complaint on July 2, 2015. (ECF Nos. 20, 21). J&J's Amended Complaint alleges that Defendants illegally intercepted and broadcasted one of their licensed pay-per-view boxing matches in violation of federal law. (ECF No. 17). Because Defendants did not answer the complaint within 21 days, J&J moved for default to be entered on August 5, 2015. (ECF No. 22). The Clerk entered a Default against the Defendants under Fed. R. Civ. P. 55(a) on August 20, 2015. (ECF No. 25). J&J subsequently moved this Court to enter a Default Judgment against Defendants on September 18, 2015 pursuant to Fed. R. Civ. P. 55(b)(2). (ECF No. 26). After J&J filed its Motion for Default Judgment, Defendant Jesus Montes ("Montes") filed an Answer to J&J's Amended Complaint on October 19, 2015. (ECF No. 28). J&J filed the present Motion to Strike Montes's Answer on November 9, 2015. (ECF No. 29). On January 13, 2016, Montes responded to the motion to strike. (ECF No. 31). J&J moved to file a reply on January 20, 2016 (ECF No. 33). Their motion was granted and a reply was entered on January 26,

2016.  (ECF No. 35).

J&J argues that Montes's Answer should be struck as untimely.  Under Fed. R. Civ. P. 12(a)(1)(A)(i), a defendant must serve an answer to a responsive pleading within 21 days after being served with the summons and the complaint.  In this case, Montes filed his Answer 109 days after being served and roughly two months after the Clerk entered default against him.  At no time did Montes move the Court to set aside an entry of default for good cause under Fed. R. Civ. P. 55(c).  Moreover, Montes has made no attempt to explain his late filing.  In fact, Montes failed to file a timely response to the present Motion to Strike.  A response was filed 47 days after the response deadline, and only then because it was specifically requested by the Court.  Rather than take this opportunity to explain his untimely Answer, Montes merely pointed out that J&J cited 9th Circuit law in its Motion to Strike.  Montes completely neglected to address the timeliness of his Answer or whether there was good cause to set aside the default.  Because Montes has not shown good cause or offered any reason why his Answer was untimely, the Court finds that his Answer should be struck pursuant to Local Rule 7.2(f) and Fed. R. Civ. P. 12(a)(1)(A)(i).

For the aforementioned reasons, Plaintiff's Motion to Strike Defendant's Answer to the Amended Complaint (ECF No. 29) should be and hereby is **GRANTED**.  Defendant Jesus Montes's Answer is hereby struck from the record.

IT IS SO ORDERED, this 17th day of February, 2016.

/s/ Susan O. Hickey  
Susan O. Hickey  
United States District Judge