IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

J & J SPORTS PRODUCTIONS, INC.                                                                                    PLAINTIFF

v.                                            Case No. 4:14-cv-4115

JESUS MONTES and
LA FOGATA OF HAYNESVILLE, LLC                                                                              DEFENDANTS

## ORDER

Before the Court is Plaintiff J & J Sports Productions, Inc.'s ("J&J") Motion for Attorney's Fees and Costs. (ECF No. 38). On February 17, 2016, the Court granted Plaintiff's Motion for Default Judgment in this matter (ECF No. 37), and Plaintiff now seeks to recover the attorney's fees and costs that were accrued during the action. Defendants Jesus Montes and La Fogata of Haynesville, LLC have not filed a response. The time for doing so has passed. The matter is ripe for the Court's consideration.

Plaintiff filed this Complaint alleging a violation of 47 U.S.C. § 605. As a result of a default on the part of Defendants, the Court entered judgment in favor of Plaintiff. Under this statute, the Court "shall direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails." 47 U.S.C. § 605(e)(3)(B)(iii). As Plaintiff has succeeded in their claim under the statute, the statutory language requires the Court to award them full costs, including reasonable attorney's fees.

The starting point in determining attorney fees is the lodestar, which is calculated by multiplying the number of hours reasonably expended by the reasonable hourly rate. *Fish v. St. Cloud State University*, 295 F.3d 849, 851 (8th Cir. 2002). The term "reasonable hourly rate" is usually defined as the ordinary rate for similar work in the community where the case has been

litigated. *See Miller v. Dugan*, 764 F.3d 826, 831 (8th Cir. 2014). The burden of proving attorney's fees rests with the fee applicant. *See Hensley v. Eckerhart,* 461 U.S. 424, 437 (1983). The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed. *Id.* at 433. When determining reasonable hourly rates, district courts may rely on their own experience and knowledge of prevailing market rates. *Hanig v. Lee*, 415 F.3d 822, 825 (8th Cir. 2005).

As required by Local Rule 54.1, Plaintiff has attached to its motion, an affidavit setting out the time spent in the litigation and the factual matters pertinent to the motion for attorney's fees and costs. In this affidavit, Plaintiff's attorney sets out that he has been practicing law for twenty-two years and, during that time, his firm has specialized in the civil prosecution of commercial signal piracy claims on behalf of promoters and closed-circuit distributors of major televised sporting events. He further states that his billable hourly rate is $500 per hour, his administrative assistant's time is billed at $100 per hour, his paralegal's time is billed at $200 per hour, and his research attorney's services are billed at $300 per hour. Plaintiff's attorney states that his rates are comparable to rates for specialized litigation law firms. Plaintiff's attorney also attaches past decisions of other courts with documentation of his expenses, including one from the United States District Court for the Eastern District of Arkansas from 2015, showing that his fees and costs have been found to be reasonable.

In the affidavit, Plaintiff's attorney shows that his administrative assistant worked for seventeen and a half hours on this case, totaling $1,750 in fees. He states that the research attorney worked for a quarter of an hour, totaling $75 in fees. Plaintiff's attorney worked for four hours on this case, totaling $2,000 in fees. For each of these fees, Plaintiff's attorney has attached an itemized

schedule, showing the activity and time expended by the person working on the case. Plaintiff's attorney also shows $625 in investigative expenses, a $400 Complaint filing fee, a $29.94 courier charge, a $65 charge for service of process, and a $100 fee for the attorney to be admitted to this Court pro hac vice. In total, Plaintiff asks for attorney's fees and costs in the amount of $5,044.94.

Upon consideration of the local rates for attorneys and their staff in Texarkana, Arkansas, the Court finds that Plaintiff's request for attorney's fees and costs is not reasonable. A reasonable rate for an attorney in Texarkana, Arkansas is $350 per hour. A reasonable rate for a paralegal's time is $175 per hour and a reasonable rate for a research attorney is $250 per hour. The Court finds that the administrative assistant's time was billed at a reasonable rate. From a review of Plaintiff's attorney's records, the Court finds that a reasonable number of hours were expended on this case. Taking those rates and hours into consideration, the Court will award a total of $3,212.50 in attorney's fees. As it pertains to costs, the Court finds that Plaintiff's attorney is not entitled to recover the fee for being admitted to this Court pro hac vice. Accordingly, the Court will award $1,119.94 in costs. In total, the Court finds that Plaintiff is entitled to recover $4,332.44 in attorney's fees and costs.

For the reasons stated above, Plaintiff's Motion for Attorney's Fees and Costs (ECF No. 38) should be and hereby is **GRANTED IN PART AND DENIED IN PART**. Plaintiff is hereby awarded $4,332.44 in attorney's fees and costs.

IT IS SO ORDERED, this 12th day of April, 2016.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge